```
                    UNITED STATES BANKRUPTCY COURT
                  FOR THE NORTHERN DISTRICT OF IOWA
                           WESTERN DIVISION
```

IN RE

VERANNA HUSCHER                                  Chapter 7

   Debtor.                               Bankruptcy No. 04-02200S


### ORDER RE TRUSTEE'S OBJECTION TO EXEMPTION

The matter before the court is the trustee's objection to the debtor's claim of exemption in a right to payments under an annuity. Hearing was held November 2, 2004 in Sioux City. Trustee Wil L. Forker appeared on his own behalf. Attorney Craig H. Lane appeared for debtor Veranna Huscher. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).


### Findings of Fact

In 1983, Veranna Huscher's husband was killed in a motor vehicle accident in Texas. A wrongful death claim was brought in Texas and was settled. The settlement was approved in the County Court of Dakota County, Nebraska, in probate of Mr. Huscher's estate. Under the terms of the settlement, Veranna Huscher received a lump sum of $137,096.10 and monthly payments of $1,000 for life, with such payments guaranteed for twenty years. Huscher's two children each received monthly payments of $100 and a lump sum payment of $50,000 upon reaching age 18.

The stream of payments to Veranna Huscher was funded by the purchase of a single premium annuity issued by Commercial Union Life Insurance Company. Huscher does not have access to the corpus of the annuity.

## Discussion

Exemptions are to be construed liberally in favor of the debtor, but not for the purpose of extending the legislative grant. Eilbert v. Pelican (In re Eilbert), 162 F.3d 523, 526 (8th Cir. 1998). The trustee bears the burden of proving that the exemption is not properly claimed. Fed.R.Bankr.P. 4003(c).

Huscher claims her annuity payments exempt under Iowa Code § 627.6(8)(e), which exempts–

> The debtor's rights in . . . a payment or a portion of a payment under a pension, annuity, or similar plan or contract on account of illness, disability, death, age, or length of service . . . .

The question of exemption of annuity payments under § 627.6(8)(e) is a two-tiered analysis. The court must first determine whether the annuity is a "similar plan or contract" as contemplated by the statute. If so, the court must then determine whether the payments are being made "*on account of illness, disability, death, age, or length of service.*" Eilbert v. Pelican (In re Eilbert), 212 B.R. 954, 958 (B.A.P. 8th Cir. 1997), aff'd, 162 F.3d 523 (8th Cir. 1998).

2

The debtor in <u>In re Eilbert</u> was an elderly widow who had used proceeds of non-exempt assets to purchase a single premium annuity contract.  Four days after a tort creditor obtained a jury verdict against her, debtor filed a Chapter 7 petition and claimed her interest in the annuity exempt.  The bankruptcy court sustained objections to the claim of exemption, and the Bankruptcy Appellate Panel affirmed.

On appeal to the Eighth Circuit, the court observed that § 627.6(8)(e) was modeled on the federal exemption in 11 U.S.C. § 522(d)(10)(E).  <u>In re Eilbert</u>, 162 F.3d at 525-26.  Congress intended that "benefits that are akin to future earnings of the debtor" would be exempt under § 522(d)(10)(E).  Courts may presume that the Iowa legislature intended the same for § 627.6(8)(e).  <u>Id.</u> at 526.

The Eighth Circuit first determined that Eilbert's annuity was not a "similar plan or contract" under the statute.  A debtor's rights in a payment are not exempt merely for being in the form of an annuity.  Exemption depends upon the underlying nature of the asset.  <u>Id.</u>  The meaning of the word "annuity" must be determined by reference to its accompanying words in the statute, "pension . . . or similar plan or contract."  The court defined a pension as "a 'retirement benefit paid regularly based generally on length of employment and amount of wages or salary' in other words,

3

'deferred compensation for services rendered.'"  Id. at 527

(citing Black's Law Dictionary 1134 (6th ed. 1990)).

> Because "pension" is the more specific word, it restricts the meaning of "annuity" in § 627.6(8)(e). When dealing with a claim for exemption of an annuity payment "on account of age," the conjunction of the two words suggests that "annuity," like "pension," describes a plan or contract to provide benefits in lieu of earnings after retirement, whether funded by the employer or purchased by the employee or the self-employed.  Likewise, the catchall provision, "similar plan or contract," includes within the exemption other types of retirement plans or investments that are "created to fill or supplement a wage or salary void."

Id. (quoting Matter of Pettit, 55 B.R. 394 (Bankr. S.D. Iowa 1985)).

Eilbert's annuity payments were not "akin to future earnings."  They did not "replace lost income, and the annuity was not purchased with contributions over time as part of a long term retirement strategy."  Id.

Eilbert's right to receive payments was not exempt for the additional reason that the payments were not "on account of" age.  When she purchased her annuity contract, Eilbert had complete discretion to select the date on which payments would begin.  She also had the ability to make larger withdrawals or to receive the corpus in a lump sum distribution.  Id. at 528. Her right to receive payments was not linked to the attainment of a specified age, as required by the decision in In re Huebner, 986 F.2d 1222 (1993), affirming, 141 B.R. 405, 409

4

(N.D. Iowa 1992).

Huscher contends that the annuity payments at issue in this case are made on account of the death of her husband. She urges the court to follow its decision in In re Wiley, No. 94-50752XS (Bankr. N.D. Iowa Sept. 20, 1994), aff'd, 184 B.R. 759 (N.D. Iowa 1995).

In that case, Doris Wiley had sustained injuries in a motor vehicle accident. Under the terms of the agreement settling her claim, Wiley was to receive three guaranteed payments at five-year intervals. The structured settlement was funded by the purchase of a single premium annuity. Several years later, Wiley filed a Chapter 7 petition and claimed her rights in the annuity payments exempt under § 627.6(8)(e) as payments made on account of disability. This court agreed, to the extent the payments were intended to compensate for a loss of earning capacity. The court determined that a portion of Wiley's interest in the payments was exempt.

The court recognizes the similarities between the annuities of Huscher and Wiley. In particular, neither annuity allowed the debtor access to the corpus. See In re Wiley, slip op. at 4-5. The court believes, however, that the In re Eilbert decision forecloses the use of § 627.6(8)(e) to exempt a right in a payment under an annuity purchased to

5

settle a tort claim.

A "similar plan or contract" must be established for the purpose of providing a benefit that is akin to future earnings of the debtor. The plan or contract will usually be established in an employment context. In re Eilbert, 162 F.3d at 527; see also 212 B.R. 954, 958 (B.A.P. 8th Cir. 1997) (discussing factors for determining whether payments are under a "similar plan or contract"). The payments made to Huscher are not benefits from a plan established by her husband through his employment. There was no specific evidence that the wrongful death claim was settled to "provide a future income stream to compensate for the loss of income [debtor's] deceased husband would have earned." In re Midkiff, No. 93-01444WJ, slip op. at 5 (Bankr. S.D. Iowa April 22, 1994) (Jackwig, J.), aff'd by, Midkiff v. Petersen (In re Midkiff), No. 1-94-CV-80024 (S.D. Iowa Aug. 10, 1994).

Huscher testified that her husband's wages were the sole source of support for the family and that the annuity payments were intended to provide her and her children with money to replace her husband's income. The court does not doubt that the annuity had that purpose at least in part. Nevertheless, the annuity payments are not "on account of" Huscher's

6

husband's death.[1]  The right to receive payments was not triggered by the event of his death as required under <u>In re Huebner</u>.  It can be said that the annuity payments were triggered by the decision to settle the claim and invest in an annuity.  See <u>In re Eilbert</u>, 212 B.R. at 960 n.13.

The case of <u>In re Midkiff</u>, cited above, involved a structured settlement factually similar to the annuity payment received by Huscher.  In <u>Midkiff</u>, debtor's husband was killed in a grain elevator explosion in 1982.  Under the terms of the agreement settling her wrongful death claim, debtor received monthly payments of $1,070, guaranteed for twenty years.  Debtor filed a bankruptcy petition in 1993 and claimed the right to payments exempt under § 627.6(8)(e).  The court sustained the trustee's objection to the claim of exemption, concluding that the payments were not made under a "similar plan or contract" contemplated by the exemption statute.

The court in <u>In re Midkiff</u> examined the settlement contract under the four-part test established in <u>Matter of Pettit</u>, 55 B.R. 394 (Bankr. S.D. Iowa 1985).  Some factors favored exemption of the payment.  The settlement agreement

---

[1] In <u>In re Eilbert</u>, 162 F.3d at 527 n.4, the court, in dicta, noted that the exemption in <u>Wiley</u> had been properly limited to amounts attributable to loss of earning capacity. The <u>Wiley</u> case was not appealed to the Eighth Circuit, and this court does not view the Circuit Court's comment as approval of any other aspect of the decision.

7

was a formal contract for the benefit of the debtor, and it appeared that debtor had no access to the source of the funds. The court held, however, that the payments were not on account of the death of debtor's husband.  For payments to be exempt under § 627.6(8)(e), "a plan or contract must be in existence and a payment or a portion of a payment must be triggered by an event contemplated by that plan or contract." In re Midkiff, slip op. at 9.  The reasoning in In re Midkiff is consistent with the analysis in In re Eilbert.

Moreover, this result is consistent with the purpose of the federal exemption on which the Iowa exemption was based. See In re Eilbert, 162 F.3d at 527.  Congress did not contemplate that payments arising from a wrongful death claim would be exempt under 11 U.S.C. § 522(d)(10)(E); it expressly provided an exemption for such payments under § 522(d)(11)(B).

The court concludes that the monthly payments to Huscher are not made under an annuity within the scope of § 627.6(8)(e), and the trustee's objection should be sustained.

IT IS ORDERED that the trustee's objection to exemption is sustained.

DATED AND ENTERED: November 19, 2004

*/s/ W.L. Edmonds*

William L. Edmonds, Bankruptcy Judge

8